IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE THE APPLICATION OF | * |
| | * |
| JUAN DAVID CARDONA RUIZ, | * |
|     Petitioner, | *  Civil Action File |
| | *  No.: |
| v. | * |
| | * |
| JERISSE LOUISE AGUEY ZINSOU, | * |
|     Respondent. | * |
| | * |

**VERIFIED PETITION FOR RETURN OF A CHILD**

Comes now, Petitioner, JUAN DAVID CARDONA RUIZ, and respectfully shows this Court as follows:

**1. INTRODUCTION**

1.    This action is brought by JUAN DAVID CARDONA RUIZ hereinafter referred to as "Petitioner"), a resident of Colombia, to secure the return of his eleven (11) year-old son, **K.P.C.A.** (hereinafter referred to as the "Child"), who was, without Petitioner's consent or acquiescence, wrongfully taken from the Petitioner and his home in Colombia by the Child's mother **JERISSE LOUISE AGUEY ZINSOU** (hereinafter referred to as "Respondent").

Respondent has wrongfully retained the Child with her in the Northern District of Georgia.

2. This Petition is filed pursuant to the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention") and the International Child Abduction Remedies Act ("ICARA"). A copy of the Hague Convention and of ICARA are attached hereto as Exhibits '1' and '2' respectively. The Hague Convention came into effect in the United States of America on July 1, 1988, and <u>has been ratified</u> between the United States of America and Colombia.

3. The stated objects of the Hague Convention in Article I are: Article 1(a): To secure the prompt return of children wrongfully removed to or retained in any Contracting State; and, Article 1(b): To ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States.

4. The Hague Convention authorizes a federal district court to determine the merits of a claim for the wrongful removal or retention of a child; it does not, however, permit the district court to consider the merits of any underlying custody dispute.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this case pursuant to 22 U.S.C. § 9003(a) (jurisdiction under the Hague Convention) and 28 U.S.C. § 1331 (Federal Question jurisdiction). Venue is proper pursuant to 22 U.S.C. § 9003 and 28 U.S.C. § 1391(b)(1) because, upon information and belief, the Child and Respondent are residing at her home located at 2033 Shoals Bend Way, Dacula, Georgia 30019, in the Atlanta Division of the Northern District of Georgia in Gwinnett County, Georgia.

## III. STATEMENT OF FACTS

6. The Parties were not previously married. The Child was born in the State of Georgia, United States of America, as the son of Petitioner and Respondent on or about June 16, 2010. The Petitioner returned to Colombia on or about October 27, 2014. The Respondent and Child moved to Colombia to reside with Petitioner on or about January 2015, and ever since Colombia has been the Child's country of habitual residence.

7. On or about May 2021, Respondent requested that Petitioner permit Respondent and the Child to vacation in the United States, whereupon Petitioner permitted the Respondent to have the Child with her for three (3) weeks beginning

May 28, 2021. Since departing to the United States Respondent has permitted no communication with the minor child, except on one occasion on or about October 2021.

8. Also, on May 28, 2021, Petitioner signed and had notarized a written document (Permiso Para Salir del Pais *or* "Permission to Leave the Country") expressing his intent that the Child only visit with the Respondent in the U.S. and to return to Colombia, the Child's country of habitual residence, on June 17, 2021. A true and correct copy of the Document of Intent is attached as Exhibit '3'. Petitioner never acquiesced or consented to the permanent removal from and retention of the Child from Colombia.

9. On or about the second week of June 2021, Respondent informed Petitioner of her intent not to return the Child to her country of habitual residence. On or about December 13, 2021, Petitioner submitted a Columbia Central Authority ("CCA") Application Under the Hague Convention on the Civil Aspects of International Child Abduction ("CCA Application") for the return of the Child. A true and correct copy of the CCA Application is attached as Exhibit '4'.

10. Colombian law presumes that both parents have equal right of custody and decision-making authority in determining a Child's residence.[1] An overview sheet of Colombian legislation on parental authority and custodial rights is attached as Exhibit '5'.

## IV. WRONGFUL REMOVAL AND RETENTION OF THE CHILD BY RESPONDENT: CLAIM FOR RELIEF UNDER THE HAGUE CONVENTION

11. As set forth above, as of June 18, 2021, Respondent wrongfully removed the Child within the meaning of Article 3 of the Convention and continues to wrongfully retain the Child in the State of Georgia, United States of America, despite Petitioner's efforts to have the Child returned to Colombia.

12. Petitioner has never acquiesced nor consented to the permanent removal from and retention of the Child from Colombia to the United States of America.

13. Respondent's removal and retention of the Child is wrongful within the meaning of Article 3 of the Convention because:

   A. At the time of the Child's removal from Colombia, Petitioner was actually exercising his rights of custody within the meaning of Articles 3 and

---

[1] Colombian Civil Code Law 57 of 1887, Art. 288.

5 of the Convention and, but for Respondent's removal and retention of the Child, Petitioner would have continued to exercise those rights.

B. The Child was habitually a resident of Colombia within the meaning of Article 3 of the Convention, and Petitioner was exercising custody in accordance with the Parties' regular practice immediately before the Child's wrongful retention by Respondent.

14. Respondent violated Petitioner's custodial rights by unilaterally removing the child from Colombia. See *Aldinger v. Segler*, No. 02-2624, 2002 U.S. Dist. LEXIS 26394 (D.P.R. Dec. 26, 2002).

15. Respondent is presently wrongfully retaining the Child in the State of Georgia, County of Gwinnett.

16. Petitioner has never consented to nor acquiesced to Respondent's wrongful retention of the Child in the United States and away from the Child's habitual residence.

17. The Child is eleven (11) years old. The Hague Convention applies to children under sixteen (16) years of age and thus applies to this Child.

18. Petitioner filed documents with the Colombian Authorities in December 2021 seeking the return of the Child.

## V. PROVISIONAL REMEDIES
## (22 U.S.C. § 9004 & HAGUE CONVENTION, ARTICLE 16)

19. Petitioner requests that this Court issue an immediate order pursuant to Article 12 of the Hague Convention restraining Respondent from removing the Child from the jurisdiction of this Court, and a warrant for the immediate physical custody of the Child, directing any United States Marshal or other law enforcement officer to bring the Child before this Court. Petitioner also asks that this Court schedule an expedited hearing on the merits of this Petition.

## VI. ATTORNEY FEES AND COSTS
## (22 U.S.C. § 9007 and HAGUE CONVENTION, ARTICLE 26)

20. Petitioner respectfully requests that this Court award him all costs and fees, including transportation costs, incurred to date as required by 22 U.S.C. § 9007 and Article 26 of the Hague Convention.

## VII. NOTICE OF HEARING
## (22 U.S.C. § 9003)

21. Pursuant to 22 U.S.C. § 9003, Respondent shall be given notice of these proceedings in accordance with the laws governing notice in interstate child custody proceedings.

## VIII. RELIEF REQUESTED

WHEREFORE, Petitioner, JUAN DAVID CARDONA RUIZ, prays for the following relief:

(a) An immediate Temporary Restraining Order prohibiting the removal of the Child from the jurisdiction of this Court pending a hearing on the merits of this Verified Petition, and that Order further providing that no person acting in concert or participating with Respondent shall take any action to remove the Child from the jurisdiction of this Court pending a determination on the merits of the Verified Petition;

(b) An immediate Order providing that Respondent shall turn over the Child's passport to the Petitioner's attorney pending final resolution of this matter;

(c) The scheduling of an expedited Preliminary Injunction Hearing on the merits of the Verified Petition; an Order that Respondent show cause at this hearing as to why the Child should not be returned to Colombia, and why such other relief requested in the Verified Petition should not be granted; and, pursuant to Federal Rule of Civil Procedure 65, an Order that the trial of the action on the merits be advanced and consolidated with the hearing on the Verified Petition;

(d)   A Final Judgment in Petitioner's favor establishing that the Child shall be returned to Colombia;

(d)   An Order requiring that Respondent pay Petitioner's expenses and costs, including transportation costs, under 22 U.S.C. § 9007 and Article 26 of the Hague Convention, such expenses and costs to be resolved via post judgment motion, consistent with the procedure outlined under Local Rule 54.2(A) of this Court; and,

(e)   For any such further relief as may be just and appropriate under the circumstances of this case.

Respectfully submitted, this 9th day of June 2022,

PATRICIA D. SHEWMAKER
Georgia Bar No. 455069
Counsel for Petitioner
SHEWMAKER & SHEWMAKER, LLC
50 Technology Way Pkwy S
Peachtree Corners, Georgia 30092
Office 770-939-1939
pshewmaker@shewmakerlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE THE APPLICATION OF | * |
| | * |
| JUAN DAVID CARDONA RUIZ, | * |
| Petitioner, | *   Civil Action File |
| | *   No.: |
| v. | * |
| | * |
| JERISSE LOUISE AGUEY ZINSOU, | * |
| Respondent. | * |
| | * |

## **VERIFICATION OF PETITION**

I am the attorney for the Petitioner, JUAN DAVID CARDONA RUIZ. I make this Verification on behalf of Petitioner because Petitioner is absent from this country. The above document is true based on the above-identified attorneys' investigation to date and communications between Shewmaker & Shewmaker, LLC and Mr. Cardona, except as to the matters that are stated in it on information and belief and as to those matters I believe to be true. I declare under penalty and perjury under the laws of the State of Georgia that the foregoing is true and correct.

This _____ day of June, 2022.

*/s/ Patricia D. Shewmaker*
PATRICIA D. SHEWMAKER
Georgia Bar No. 455069
Counsel for Petitioner
SHEWMAKER & SHEWMAKER, LLC
50 Technology Way Pkwy S
Peachtree Corners, Georgia 30092
Office 770-939-1939
pshewmaker@shewmakerlaw.com

## CERTIFICATE OF FONT AND POINT SELECTION

I hereby certify that the foregoing was prepared in Times New Roman font in 14 point type in compliance with Local Rule 5.1(C).

*/s/ Patricia D. Shewmaker*
PATRICIA D. SHEWMAKER
Georgia Bar No. 455069
Counsel for Petitioner
SHEWMAKER & SHEWMAKER, LLC
50 Technology Way Pkwy S
Peachtree Corners, Georgia 30092
Office 770-939-1939
pshewmaker@shewmakerlaw.com