IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUAN DAVID CARDONA RUIZ,      ) | |
| ) | |
| Petitioner,      ) | CIVIL ACTION FILE |
| ) | NO. 1:22-CV-2293-SDG |
| vs.      ) | |
| ) | |
| JERISSE LOUISE AGUEY ZINSOU,      ) | |
| ) | |
| Respondent.      ) | |

**RESPONDENT'S ANSWER TO PETITIONER'S VERIFIED PETITION FOR RETURN OF A CHILD**

COMES NOW, **JERISSE LOUISE AGUEY ZINSOU**, Respondent in the above-referenced matter, by and through the undersigned counsel, and files this, Respondent's Answer to Petitioner's Verified Petition for Return of A Child ("Petition"), sets forth the following defenses, and respectfully responds to each of the allegations made in the Petition in the numerated paragraphs as follows:

**DEFENSES**

Respondent asserts the following affirmative defenses and shows the Court as follows:

DEFENSE NO. 1:  LACHES:  IT HAS MORE THAN ONE YEAR FROM THE DATE OF THE ALLEGED WRONGFUL REMOVAL (ARTICLE 12)

FAULHABER FAMILY LAW, LLC
3180 NORTH POINT PARKWAY
BUILDING 100, SUITE 103
ALPHARETTA, GEORGIA 30005

Respondent's Answer
Ruiz v. Zinsou
Case No.22-CV-2293-SDG

PAGE 1 OF 18

1. Respondent took the Child with her to the United States on May 28, 2021. Article 12 of the Hague Convention directs return of the child only if "a period of less than one year has elapsed from the date of the wrongful removal or retention" at the date of the commencement of the proceedings before the judicial authority of the Contracting State. The court should not order the return of a child after one year has elapsed if the child is now settled in the new country. See <u>Lozano v. Montoya Alvarez</u>, 572 U.S. 1, 4, 134 S. Ct. 1224, 188 L.Ed.2d 200 (2014).

2. Petitioner did not commence these proceedings until more than one year after May 28, 2021. The Child has since completed one year of school in the local public middle school, attended church in Georgia, made friends in Georgia, had relatives visit him in Georgia, and considers Georgia and the United States his home. Therefore, the Child is settled in the United States and should remain here.

<u>DEFENSE NO. 2:  PETITIONER CONSENTED TO THE CHILD'S REMOVAL FROM COLOMBIA (ARTICLE 13A)</u>

3. Petitioner consented to the Child's removal from Colombia as demonstrated by Document 1-3 attached to the Petition.

4. Article 13A of the Hague Convention provides that the judicial authority of the requested State "is not bound to order the return of the child if the person "had consented to or subsequently acquiesced in the removal or retention."

FAULHABER FAMILY LAW, LLC
3180 NORTH POINT PARKWAY
BUILDING 100, SUITE 103
ALPHARETTA, GEORGIA 30005

Respondent's Answer
<u>Ruiz v. Zinsou</u>
Case No.22-CV-2293-SDG

PAGE 2 OF 18

5. Insofar as Petitioner consented in writing to the removal of the child from Colombia, this Court is not required by the Hague Convention to order the return of the child. See Bustamente v. Serrano-Figueroa, 207 F.Supp. 2d 1205 (D. Colo. 2002).

DEFENSE NO. 3:  PETITIONER CONSENTED AND ACQUIESCED TO THE CHILD'S RETENTION IN THE UNITED STATES (ARTICLE 13A)

6. Petitioner was in regular contact with Respondent and the Child since they arrived in the United States. The parties and the Child regularly discussed his progress in school. The Child continued to attend his school in Colombia remotely until August 2021, when the Child was enrolled in the local school in Georgia. Petitioner consented to the Child attending school in Georgia, never objected to him transferring schools, and facilitated the Child's removal from the school in Colombia.

7. In addition, in October 2021, both parties and the Child had a conversation on Facetime in which the Petitioner asked the Child where he wanted to live, and the Child told him that he wanted to live and stay in Georgia with Respondent. Petitioner said that, although he did not like the Child staying in the United States, he agreed to let him stay.

8. Article 13A of the Hague Convention provides that the judicial

FAULHABER FAMILY LAW, LLC
3180 NORTH POINT PARKWAY
BUILDING 100, SUITE 103
ALPHARETTA, GEORGIA 30005

Respondent's Answer
Ruiz v. Zinsou
Case No.22-CV-2293-SDG

PAGE 3 OF 18

authority of the requested State "is not bound to order the return of the child if the person had consented to or subsequently acquiesced in the removal or retention." Insofar as Petitioner consented to and acquiesced to the Child attending school in Georgia and remaining in Georgia, this Court is not required by the Hague Convention to order the return of the child.  See Gonzalez-Cabballero v. Mena, 251 F.3d 789 (9th Cir. 2001).

### DEFENSE NO. 4:  THE CHILD OBJECTS TO BEING RETURNED TO COLOMBIA (ARTICLE 13)

9. Article 13 of the Hague Convention states, in part, the following:  "The judicial or administrative authority may also refuse to order the return of the child if it finds that the child objects to being returned and has attained an age and degree of maturity at which it is appropriate to take account of its views."

10. The Child objects to being returned to Colombia due to his fear of crime and the increased acts of terrorism in Colombia that he has witnessed while living there.

11. In addition, Petitioner is a convicted felon and has a history of drug and/or alcohol abuse.  The Child is fearful of being alone with his father.

12. The Child does well in school, and has attained an age and degree of maturity at which it is appropriate for the Court to take account of his views, and

Faulhaber Family Law, LLC
3180 North Point Parkway
Building 100, Suite 103
Alpharetta, Georgia 30005

Respondent's Answer
Ruiz v. Zinsou
Case No.22-CV-2293-SDG

Page 4 of 18

deny the request for him to be returned.

<u>DEFENSE NO. 5:  THE RETURN OF THE CHILD WOULD EXPOSE THE CHILD TO PHYSICAL OR PSYCHOLOGICAL HARM OR OTHERWISE PLACE THE CHILD IN AN INTOLERABLE SITUATION AND WOULD NOT BE PERMITTED BY THE FUNDAMENTAL PRINCIPLES RELATING TO THE PROTECTION OF HUMAN RIGHTS AND FUNDAMENTAL FREEDOMS</u>

12. Article 13B provides that the Court need not return the child if "there is a grave risk that his or her return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation."

13. Article 20 states that "The return of the child under the provisions of Article 12 may be refused if this would not be permitted by the fundamental principles of the requested State relating to the protection of human rights and fundamental freedoms."

14. The State Department has issued a "Level 3" travel advisory with regards to Colombia and a "Level 4" travel advisory with respect to Arauca, Cauca (except Popayan), and Norte de Santander departments due to crime and terrorism.[1] The Colombia Travel Advisory advises that "Violent crime, such as homicide, assault, and armed robbery, is widespread.  Organized criminal activities, such as extortion, robbery, and kidnapping, are common in some areas."  <u>Id</u>.

---

[1] [Colombia Travel Advisory (state.gov)](state.gov)



Faulhaber Family Law, LLC
3180 North Point Parkway
Building 100, Suite 103
Alpharetta, Georgia 30005

Respondent's Answer
Ruiz v. Zinsou
Case No.22-CV-2293-SDG

Page 5 of 18

13. Further, Respondent and the Child witnessed and learned about extortion, robbery, and theft in and around where they used to live in Colombia. Therefore, the Court should not order the Child's return to Colombia.

DEFENSE NO. 6: RESPONDENT'S CONDUCT WAS NOT WRONGFUL

14. Shortly after Respondent arrived in the United States with the Child, she learned that Petitioner had failed to discuss with her certain matters concerning the Child, and the parties got into an argument about co-parenting and Respondent's behaviors. They continued to argue, and they participated in therapy online. After they agreed that the Child would remain residing in the United States, they also agreed that the Child would go on a vacation with Petitioner. However, by that time, the Child's passport had expired. In order to renew the Child's passport, Petitioner needs to sign necessary paperwork and follow the requirements of the State Department, which he has failed to do. At this time, the Child is unable to travel to Colombia without renewing his United States passport.

**RESPONSES TO ALLEGATIONS OF PETITION:**

Respondent's responses to the enumerated paragraphs in the Petition are set forth in the same order below:

1. This action is brought by JUAN DAVID CARDONA RUIZ hereinafter referred to as "Petitioner"), a resident of Colombia, to secure the return of his eleven

FAULHABER FAMILY LAW, LLC
3180 NORTH POINT PARKWAY
BUILDING 100, SUITE 103
ALPHARETTA, GEORGIA 30005

Respondent's Answer
Ruiz v. Zinsou
Case No.22-CV-2293-SDG

PAGE 6 OF 18

(11) year-old son, K.P.C.A. (hereinafter referred to as the "Child"), who was, without Petitioner's consent or acquiescence, wrongfully taken from the Petitioner and his home in Colombia by the Child's mother JERISSE LOUISE AGUEY ZINSOU (hereinafter referred to as "Respondent").  Respondent has wrongfully retained the Child with her in the Northern District of Georgia.

**Response: Respondent denies these allegations.  The Child is twelve (12) years old, Petitioner consented to Respondent taking the Child to the United States *in writing,* and he agreed that the Child could stay here, in Georgia.**

2. This Petition is filed pursuant [1ST] to the Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention" or the "Convention") and the International Child Abduction Remedies Act ("ICARA").  A copy of the Hague Convention and of ICARA are attached hereto as Exhibits '1' and '2' respectively.  The Hague Convention came into effect in the United States of America on July 1, 1988 and has been ratified between the United States of America and Colombia.

**Response:  Respondent admits that this Petition is filed in accordance with the Hague Convention, that the text of the Hague Convention is attached to the Petition, and that the United States ratified the treaty and became enforceable in the U.S. in 1988; however, she denies the remaining allegations**

FAULHABER FAMILY LAW, LLC
3180 NORTH POINT PARKWAY
BUILDING 100, SUITE 103
ALPHARETTA, GEORGIA 30005

Respondent's Answer
Ruiz v. Zinsou
Case No.22-CV-2293-SDG

PAGE 7 OF 18

**as stated. Colombia has not ratified the Hague Convention and is not a Contracting Member to the Hague Convention. However, the United States of America accepted Colombia's accession to the treaty in 1996.[2] Respondent denies that a copy of ICARA was attached to the Petition.**

3. The stated objects of the Hague Convention in Article I are: Article 1(a): To secure the prompt return of children wrongfully removed to or retained in any Contracting State; and Article 1(b): To ensure that rights of custody and of access under the law of one Contracting State are effectively respected in other Contracting States.

**Response: Respondent admits these allegations.**

4. The Hague Convention authorizes a federal district court to determine the merits of a claim for the wrongful removal or retention of a child; it does not, however, permit the district court to consider the merits of any underlying custody dispute.

**Response: Respondent admits these allegations, although under certain circumstances, Article 7(f) of the Hague Convention authorizes the district**

---

[2] See HCCH | Acceptances of accessions

FAULHABER FAMILY LAW, LLC
3180 NORTH POINT PARKWAY
BUILDING 100, SUITE 103
ALPHARETTA, GEORGIA 30005

Respondent's Answer
Ruiz v. Zinsou
Case No.22-CV-2293-SDG

PAGE 8 OF 18

court to "make arrangements for organizing or securing the effective exercise of rights of access" or visits with the child.

5. This Court has jurisdiction over this case pursuant to 22 U.S.C. §9003(a) (jurisdiction under the Hague Convention) and 28 U.S.C. §1331 Federal Question jurisdiction). Venue is proper pursuant to 22 U.S.C. §9003 and 28 U.S.C. §1391(b)(1) because, upon information and belief, the Child and Respondent are residing at her home located at 2033 Shoals Bend Way, Dacula, Georgia 30019, in the Atlanta Division of the Northern District of Georgia in Gwinnett County, Georgia.

**Response:  Respondent denies that she resides at the address listed above. Respondent admits the remaining allegations.**

6. The Parties were not previously married. The Child was born in the State of Georgia, United States of America, as the son of Petitioner and Respondent on or about June 16, 2010. The Petitioner returned to Colombia on or about October 27, 2014. The Respondent and Child moved to Colombia to reside with Petitioner on or about January 2015, and ever since Colombia has been the Child's country of habitual residence.

**Response:  Respondent admits that the parties were not previously married, that the Child was born in the State of Georgia, United States of**

Faulhaber Family Law, LLC
3180 North Point Parkway
Building 100, Suite 103
Alpharetta, Georgia 30005

Respondent's Answer
Ruiz v. Zinsou
Case No.22-CV-2293-SDG

Page 9 of 18

**America, as the son of Petitioner and Respondent in 2010, and that Petitioner returned to Colombia when he was deported from the United States after having been convicted of a felony in Gwinnett County Superior Court. Respondent denies the remaining allegations.**

7.  On or about May 2021, Respondent requested that Petitioner permit Respondent and the Child to vacation in the United States, whereupon Petitioner permitted the Respondent to have the Child with her for three (3) weeks beginning May 28, 2021. Since departing to the United States Respondent has permitted no communication with the minor child, except on one occasion on or about October 2021.

**Response:   Respondent admits the allegations of the first sentence in Paragraph 7, and denies the remaining allegations.**

8.  Also, on May 28, 2021, Petitioner signed and had notarized a written document (Permiso Para Salir del Pais *or* "Permission to Leave the Country") expressing his intent that the Child only visit with the Respondent in the U.S. and to return to Colombia, the Child's country of habitual residence, on June 17, 2021. A true and correct copy of the Document of Intent is attached as Exhibit '3'.  Petitioner never acquiesced or consented to the permanent removal from and retention of the Child from Colombia.

FAULHABER FAMILY LAW, LLC
3180 NORTH POINT PARKWAY
BUILDING 100, SUITE 103
ALPHARETTA, GEORGIA 30005

Respondent's Answer
Ruiz v. Zinsou
Case No.22-CV-2293-SDG

PAGE 10 OF 18

**Response:  Respondent admits the allegations of the first sentence.  The document attached to the Petition as "Document 1-3" is illegible, so Respondent cannot admit or deny the allegations of the second sentence.  Respondent denies the allegations in the third sentence.**

9. On or about the second week of June 2021, Respondent informed Petitioner of her intent not to return the Child to her country of habitual residence. On or about December 13, 2021, Petitioner submitted a Colombia Central Authority ("CCA") Application Under the Hague Convention on the Civil Aspects of International Child Abduction ("CCA Application") for the return of the Child. A true and correct copy of the CCA Application is attached as Exhibit '4'.

**Response:  Respondent denies the allegations of the first sentence.  The United States is Respondent's country of habitual residence.  However, after lots of discussions between the parties and their son, Petitioner consented to Respondent remaining with the Child in Georgia and facilitated his removal from his school in Colombia so he could enroll in school in Georgia. Respondent does not have sufficient information to admit or deny the remaining allegations because Petitioner never told Respondent that he changed his mind or that he was making any effort to have the child return to Colombia.**


Faulhaber Family Law, LLC
3180 North Point Parkway
Building 100, Suite 103
Alpharetta, Georgia 30005

Respondent's Answer
Ruiz v. Zinsou
Case No.22-CV-2293-SDG

Page 11 of 18

10. Colombian law presumes that both parents have equal right of custody and decision-making authority in determining a Child's residence.[3] An overview sheet of Colombian legislation on parental authority and custodial rights is attached as Exhibit '5'.

**Response: These allegations call for a legal conclusion. Nevertheless, Respondent denies the allegations in Paragraph 10.**

11. As set forth above, as of June 18, 2021, Respondent wrongfully removed the Child within the meaning of Article 3 of the Convention and continues to wrongfully retain the Child in the State of Georgia, United States of America, despite Petitioner's efforts to have the Child returned to Colombia.

**Response: Respondent denies the allegations in Paragraph 11. Respondent was unaware of any efforts Petitioner made to have the Child returned to Colombia.**

12. Petitioner has never acquiesced nor consented to the permanent removal from and retention of the Child from Colombia to the United States of America.

**Response: Respondent vehemently denies the allegations in Paragraph**

---

[3] Colombian Civil Code Law 57 of 1887, Art. 288.

FAULHABER FAMILY LAW, LLC
3180 NORTH POINT PARKWAY
BUILDING 100, SUITE 103
ALPHARETTA, GEORGIA 30005

PAGE 12 OF 18

*Respondent's Answer*
Ruiz v. Zinsou
Case No.22-CV-2293-SDG

**12.**

13.     Respondent's removal and retention of the Child is wrongful within the meaning of Article 3 of the Convention because:

- A. At the time of the Child's removal from Colombia, Petitioner was actually exercising his rights of custody within the meaning of Articles 3 and 5 of the Convention and, but for Respondent's removal and retention of the Child, Petitioner would have continued to exercise those rights.

- B. The Child was habitually a resident of Colombia within the meaning of Article 3 of the Convention, and Petitioner was exercising custody in accordance with the Parties' regular practice immediately before the Child's wrongful retention by Respondent.

**Response:** **Respondent denies the allegations in Paragraphs 13A and 13B.**

14.     Respondent violated Petitioner's custodial rights by unilaterally removing the child from Colombia. See *Aldinger v. Segler*, No. 02-2624, 2002 U.S. Dist. LEXIS 26394 (D.P.R. Dec. 26, 2002).

**Response:** **Respondent denies the allegation in Paragraph 14.**

15.     Respondent is presently wrongfully retaining the Child in the State of Georgia, County of Gwinnett.

FAULHABER FAMILY LAW, LLC
3180 NORTH POINT PARKWAY
BUILDING 100, SUITE 103
ALPHARETTA, GEORGIA 30005

Respondent's Answer
Ruiz v. Zinsou
Case No.22-CV-2293-SDG

PAGE 13 OF 18

**Response:  Respondent denies the allegation in Paragraph 15.**

16. Petitioner has never consented to nor acquiesced to Respondent's wrongful retention of the Child in the United States and away from the Child's habitual residence.

**Response:  Respondent denies the allegation in Paragraph 16.**

17. The Child is eleven (11) years old. The Hague Convention applies to children under sixteen (16) years of age and thus applies to this Child.

**Response:  Respondent denies the allegations in Paragraph 17 as alleged. Respondent contends that the Hague Convention does not apply because the Child has not been wrongfully removed or wrongfully retained from his country of habitual residence, and for the other reasons expressed herein.**

18. Petitioner filed documents with the Colombian Authorities in December 2021 seeking the return of the Child.

**Response:  Respondent does not have sufficient information to admit or deny the allegation in Paragraph 18.**

19. Petitioner requests that this Court issue an immediate order pursuant to Article 12 of the Hague Convention restraining Respondent from removing the Child from the jurisdiction of this Court, and a warrant for the immediate physical custody of the Child, directing any United States Marshal or other law enforcement officer

Faulhaber Family Law, LLC
3180 North Point Parkway
Building 100, Suite 103
Alpharetta, Georgia 30005

Respondent's Answer
Ruiz v. Zinsou
Case No.22-CV-2293-SDG

Page 14 of 18

to bring the Child before this Court. Petitioner also asks that this Court schedule an expedited hearing on the merits of this Petition.

**Response:  Paragraph 19 seeks relief and does not require an admission or denial.**

20. Petitioner respectfully requests that this Court award him all costs and fees, including transportation costs, incurred to date as required by 22 U.S.C. § 9007 and Article 26 of the Hague Convention.

**Response:  Paragraph 19 seeks relief and does not require an admission or denial, except that Respondent denies that an award of costs and fees is required and states that such an order would be clearly inappropriate. Respondent further refers the Court to  22 U.S.C. § 9007(b)(1) which states that "Subject to paragraph (3), legal fees or court costs incurred in connection with an action brought under section 9003 of this title shall be borne by the petitioner unless they are covered by payments from Federal, State, or local legal assistance or other programs."**

21. Pursuant to 22 U.S.C. § 9003, Respondent shall be given notice of these proceedings in accordance with the laws governing notice in interstate child custody proceedings.

**Response:  Respondent admits the allegations in Paragraph 21.**


Faulhaber Family Law, LLC
3180 North Point Parkway
Building 100, Suite 103
Alpharetta, Georgia 30005

Respondent's Answer
Ruiz v. Zinsou
Case No.22-CV-2293-SDG

Page 15 of 18

WHEREFORE, Respondent prays:

a) that Respondent's Answer be filed and considered;

b) that Petitioner's Petition be DENIED.

c) that Petitioner be ordered to pay for all of her costs and fees for having to defend this action in accordance with 22 U.S.C. § 9007(b)(2) and O.C.G.A. §19-9-92(a).[4]

d) that Respondent have such other relief as this Court may deem equitable and/or appropriate under the circumstances.

Respectfully submitted, this the __1ST__ day of July, 2022.

FAULHABER FAMILY LAW, LLC

_____
Tamar Faulhaber
Georgia Bar No. 256195
*Attorney for Respondent*

3180 North Point Parkway
Building 100, Suite 103
Alpharetta, GA 30005
(770) 408-1025/ FAX (866) 725-5877
Tamar@TFamilyLaw.com

---

[4] O.C.G.A. §19-9-92(a): "The court shall award the prevailing party, including a state, necessary and reasonable expenses incurred by or on behalf of the party, including costs, communication expenses, attorney's fees, investigative fees, expenses for witnesses, travel expenses, and child care during the course of the proceedings, unless the party from whom fees or expenses are sought establishes that the award would be clearly inappropriate."


FAULHABER FAMILY LAW, LLC
3180 NORTH POINT PARKWAY
BUILDING 100, SUITE 103
ALPHARETTA, GEORGIA 30005

*Respondent's Answer*
Ruiz v. Zinsou
Case No.22-CV-2293-SDG

PAGE 16 OF 18

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUAN DAVID CARDONA RUIZ, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>JERISSE LOUISE AGUEY ZINSOU, )<br>)<br>Respondent. ) | CIVIL ACTION FILE<br>NO. 1:22-CV-2293-SDG |

## VERIFICATION

Personally appeared **JERISSE LOUISE AGUEY ZINSOU**, who being duly sworn states, under penalty of perjury, that she is the Respondent in the above styled case and that the facts set forth in the foregoing *Respondent's Answer to Petitioner's Verified Petition for Return of a Child* are true and correct and based upon her personal knowledge and belief.

_Jerisse Louise Aguey-Zinsou_
**JERISSE LOUISE AGUEY ZINSOU**

SWORN to and subscribed before me:

This __1__ day of __July__ 2022.

_Angaline Karim_
Notary Public
My commissions expires: __10/20/2023__

ANGALINIE KARIM
NOTARY PUBLIC
Gwinnett County
State of Georgia
My Comm. Expires Oct. 20, 2023

FAULHABER FAMILY LAW, LLC
3180 NORTH POINT PARKWAY
BUILDING 100, SUITE 103
ALPHARETTA, GEORGIA 30005

*Respondent's Answer*
*Ruiz v. Zinsou*
Case No.22-CV-2293-SDG

PAGE 18 OF 19

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JUAN DAVID CARDONA RUIZ, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION FILE |
| | ) | NO. 1:22-CV-2293-SDG |
| vs. | ) | |
| | ) | |
| JERISSE LOUISE AGUEY ZINSOU, | ) | |
| | ) | |
| Respondent. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing *Respondent's Answer to Petitioner's Verified Petition for Return of a Child* by depositing a copy of same in the U.S. Mail, proper postage prepaid, addressed to Petitioner through counsel as follows:

Patricia Shewmaker, Esq.
Shewmaker & Shewmaker, LLC
50 Technology Parkway South
Peachtree Corners, Georgia 30092

This 5th day of July, 2022.

FAULHABER FAMILY LAW, LLC

_____
Tamar Faulhaber
Georgia Bar No. 256195
*Attorney for Respondent*

FAULHABER FAMILY LAW, LLC
3180 NORTH POINT PARKWAY
BUILDING 100, SUITE 103
ALPHARETTA, GEORGIA 30005

Respondent's Answer
Ruiz v. Zinsou
Case No. 22-CV-2293-SDG

PAGE 18 OF 18